**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X  Case No.  17-cv-03673
MARIO LLIVE, on behalf of himself individually and
all others similarly situated,

                                        Plaintiff,

                                                                  **CLASS ACTION**
      -against-                                              **COMPLAINT**


THE CBE GROUP, INC.,
                                     Defendant.
------------------------------------------------------------------------X

       Plaintiff, by and through his attorneys, FAGENSON & PUGLISI, PLLC, upon knowledge as to himself and his own acts, and as to all other matters upon information and belief, brings this complaint against above-named defendant and in support thereof alleges the following:

## INTRODUCTION

       1.    This is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices.

       2.    This action is also brought pursuant to New York General Business Law ("NYGBL") § 349 for an injunction and damages regarding defendant's deceptive acts and practices.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. § 1331 and supplemental jurisdiction exists over the NYGBL § 349 claims pursuant to 28 U.S.C. § 1367.

4. This Court has venue pursuant to 28 U.S.C. § 1391(b) in that plaintiff resides in this District and a substantial portion of the events or omissions giving rise to this action occurred in this District.

## PARTIES

5. Plaintiff is a natural person who resides in this District.

6. Plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3) as he is a natural person who is alleged by defendant to owe a financial obligation.

7. The financial obligation which defendant sought to collect from plaintiff is a debt within the meaning of 15 U.S.C. § 1692a(5) in that the obligation which defendant sought to collect from plaintiff was originally incurred, if at all, for personal, family or household purposes and concerned an allegedly defaulted Verizon Wireless ("Verizon") mobile telephone debt.

8. Plaintiff is a reasonable consumer within the meaning of NYGBL § 349 who acted reasonably under the circumstances alleged herein.

9. Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6).

10. The principal purpose of defendant's business is the collection of defaulted consumer debts.

11. Defendant uses the mails in its business the principal purpose of which is the collection of defaulted consumer debts.

12. Defendant regularly collects or attempts to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

13. Upon information and belief, defendant is a foreign business corporation incorporated in Iowa.

## FACTUAL ALLEGATIONS

14. Plaintiff re-alleges paragraphs 1-13 as if fully re-stated herein.

15. Defendant sent plaintiff a collection letter dated December 19, 2016.

16. In the letter, defendant alleged that plaintiff owed Verizon a debt.

17. The debt was alleged to be in default.

18. Defendant sent the letter to plaintiff in an attempt to collect the allegedly defaulted Verizon debt.

19. In the caption of the letter defendant stated that the total amount due was $2,336.01.

20. Plaintiff obtained a copy of his credit report after receipt of defendant's letter.

21. Verizon reported the debt on the credit report.

22. Verizon reported the amount due as $1,979 on the credit report.

23. The difference between the amount which defendant stated in its letter was due and the amount which Verizon stated on the credit report was due is approximately $357.

24. Said difference in amount represents collection costs.

25. Defendant did not disclose in its letter that collection costs were included in the amount due.

26. Plaintiff did not know that the amount of $2,336.01 included collection costs.

27. Plaintiff felt upset, confusion and surprise upon learning that defendant had failed to disclose that collection costs had been included in the amount due and that defendant had also failed to disclose the amount of the collection costs.

## AS AND FOR A FIRST CAUSE OF ACTION

### FDCPA §§ 1692e(2)(A),1692e(10) and 1692f

28. Plaintiff re-alleges paragraphs 1-27 as if fully re-stated herein.

29. In its collection letter defendant demanded payment of the amount of $2,336.01.

30. That amount included defendant's collection costs.

31. Defendant did not disclose that collection costs were included in the amount due of $2,336.01.

32. Defendant did not disclose the amount of the collection costs which were included in the amount due of $2,336.01.

33. Defendant's representation to plaintiff of the amount due without disclosing to plaintiff that the amount included collection costs and, further, without disclosing the amount of such collection costs, is a violation of §§ 1692e(2)(A) and 1692e(10), as a false representation of the amount of the debt and a false representation and deceptive means used by defendant in its attempt to collect the debt.

34. Defendant's representation to plaintiff of the amount due without disclosing to plaintiff that the amount included collection costs and, further, without disclosing the amount of such collection costs, is also a violation of § 1692f as an unfair and unconscionable means used by defendant to attempt to collect a debt.

## AS AND FOR A SECOND CAUSE OF ACTION
## NYGBL § 349

35. Plaintiff re-alleges paragraphs 1 to 34 as if fully re-stated herein.

36. Each of the deceptive and misleading acts and practices above-mentioned was committed by defendant in the conduct of a business, trade or commerce or the furnishing of a service in the State of New York and constitutes a violation of NYGBL § 349.

37. Defendant's deceptive and misleading acts and practices were consumer-oriented, in that defendant is a collector of consumer debts incurred principally or wholly by natural persons.

38. Defendant contacts thousands of consumers within the State of New York each year by mail on behalf of Verizon.

39. Defendant's letter to plaintiff is typical of the letters defendant mails to consumers within the State of New York.

40. Defendant's letter is derived from a letter form.

41. Defendant's letter is derived from a letter template.

42. Defendant has a pattern of mailing collection letters to thousands of consumers within the State of New York each year which improperly include an undisclosed collection fee for defaulted Verizon accounts.

43. Plaintiff is a reasonable consumer within the meaning of the NYGBL.

44. Plaintiff felt upset, confusion and surprise upon learning that defendant had failed to disclose that collection costs had been included in the amount due and that defendant had also failed to disclose the amount of the collection costs.

45. Defendant violated NYGBL § 349(a) and is liable to plaintiff under NYGBL § 349(h).

## CLASS ALLEGATIONS

46. Plaintiff re-alleges paragraphs 1-45 as if fully re-stated herein.

47. This action is brought on behalf of plaintiff and the members of a class. The class consists of all persons who defendant's records reflect were sent debt collection letters within the State of New York within the period of time commencing one year before the filing of this complaint up to and including the date of the filing of the complaint and who were sent a collection letter (a) in substantially the same form as the letter defendant sent to plaintiff; (b) the collection letter was sent to a consumer seeking payment of a consumer debt; (c) the collection letter was not returned by the postal service as undelivered; and (d) the letter contained violations of 15 U.S.C. §§ 1692e(2)(A), 1692e(10) and 1692f. The class does not include defendant or persons who are officers, directors, employees or representatives of defendant.

48. The class shall be defined as follows:

*All natural persons with addresses within the State of New York to whom defendant sent a collection letter concerning a consumer debt which defendant stated to be owed to Verizon Wireless, which collection letter contains an amount due which includes collection costs but which letter does not disclose that collection costs are included in the amount due, from one year before the filing of this complaint to the date of the filing of this complaint inclusive, and which letter was not returned by the postal service as undeliverable.*

49. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letter that is the gravamen of this litigation is a mass-mailed form letter, the class is so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received similar debt collection letters from defendant which violate the various provisions of the FDCPA.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether defendant violated the FDCPA by representing an amount due which included collection costs while failing to disclose that collection costs were included in the amount due and the amount of such costs, in violation of the FDCPA, §§ 1692e(2)(A), 1692e(10) and 1692f.

(C) The only individual issue is the identification of the consumers who received the letters (the class members), a matter capable of ministerial determination from the records of defendant.

(D) The claims of plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) Plaintiff will fairly and adequately represent the class members' interests. Plaintiff has retained experienced counsel. Plaintiff's interests are consistent with those of the members of the class.

50. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C. § 1692k. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

51. If the facts are discovered to be appropriate, plaintiff will seek to certify a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

52. Communications from debt collectors, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

53. As a result of the above violations, defendant is liable to plaintiff and the members of the class for an injunction and damages in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

    (a)    certifying a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure;

    (b)    awarding maximum statutory damages to the class pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial;

    (c)    awarding maximum statutory damages to plaintiff pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial;

    (d)    awarding actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial;

    (e)    awarding reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1692k;

    (f)    enjoining defendant from committing further deceptive acts and practices with respect to plaintiff pursuant to NYGBL § 349;

    (g)    awarding statutory damages pursuant to NYGBL § 349 in an amount to be determined at the time of trial;

    (h)    in the alternative, awarding actual damages pursuant to NYGBL § 349 in an amount to be determined at the time of trial;

    (i)    awarding reasonable attorneys' fees, costs and disbursements pursuant to NYGBL § 349; and

    (j)    for such other and further relief as may be just and proper.

DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
June 16, 2017.

                                                    */s/ Novlette R. Kidd*
                                                    NOVLETTE R. KIDD, ESQ.
                                                    FAGENSON & PUGLISI, PLLC
                                                    Attorneys for Plaintiff
                                                    450 Seventh Avenue, Suite 704
                                                    New York, New York 10123
                                                    Telephone: (212) 268-2128
                                                    Nkidd@fagensonpuglisi.com